UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
GREGORY MINGO,

                          Petitioner,
                                                      95 CV 1087 (SJ)

  - against -

                                              **MEMORANDUM**
                                              **AND ORDER**
CHRISTOPHER ARTUZ, Superintendent,
Green Haven Correctional Facility,

                          Respondent.
-----------------------------------------------------X
A P P E A R A N C E S

GREGORY MINGO
83-A-0660
Elmira Correctional Facility
PO Box 500
Elmira, NY 14902-0500
Petitioner, *Pro Se*

RICHARD BROWN, ESQ.
Queens County District Attorney's Office
125-01 Queens Blvd.
Kew Gardens, NY 11415
By:   Cheryl Hone, Esq.
       John M. Castellano, Esq.
Attorneys for Respondent



JOHNSON, Senior District Judge:

     By motion filed October 30, 2006, Gregory Mingo ("Petitioner"), proceeding *pro se*, moves under Rule 60(b)(6) of the Federal Rules of Civil

1

Procedure to vacate this Court's May 5, 1999 Order denying his habeas petition. For the reasons stated below, Petitioner's motion is DENIED.

## BACKGROUND

This Court's prior orders dated May 22, 1997, and May 5, 1999, discuss in detail the facts surrounding Petitioner's conviction, and familiarity with those orders is assumed. In sum, Petitioner and his codefendant, Willie Holmes, were convicted of murder, robbery, and related crimes. Significantly, at trial, the State introduced testimony from Paul Perry, an acquaintance of both Petitioner and Holmes, which included Holmes' hearsay statements to Perry regarding Petitioner's and Holmes' involvement in the crimes. Holmes invoked his Fifth Amendment privilege and did not testify at the trial.

On March 20, 1995, Petitioner filed a petition for habeas relief under 28 U.S.C. § 2254 in this Court. On May 22, 1997, the Court denied the petition but certified appealability. The Second Circuit Court of Appeals then vacated and remanded so that this Court could consider three issues: (1) whether Petitioner's rights under the Confrontation Clause were violated by the admission of Holmes' hearsay statements that implicated Petitioner, (2) whether Petitioner forfeited this claim by failing to raise it on direct appeal, and (3) whether such a Confrontation

2

Clause violation would have substantially and injuriously affected the jury's verdict so as to require vacating the conviction.

By Order dated May 5, 1999, this Court denied Petitioner's habeas petition. See Mingo v. Artuz, No. 95 CV 1087, 1999 WL 301686 (E.D.N.Y. May 5, 1999) With regard to the admission of Holmes' hearsay statements, the Court held that there was no Confrontation Clause violation because the statements were admissible under Ohio v. Roberts, 448 U.S. 56, 66 (1980), which held that the admission of a hearsay statement made by a declarant who was unavailable to testify did not violate the Confrontation Clause if the statement bore sufficient indicia of reliability. See Mingo, 1999 WL 301686 at *2. The Court also held that Petitioner's Confrontation Clause claim was procedurally defaulted because he had failed to raise it on direct appeal.[1] See id. at *4. Accordingly, the Court did not need to consider the third issue on remand, regarding whether Petitioner's conviction should be vacated. See id.

Several years after Petitioner's § 2254 petition was denied, the Supreme Court decided Crawford v. Washington, 541 U.S. 36 (2004). In Crawford, the Supreme Court overruled Roberts by holding that "[t]estimonial statements of witnesses absent from trial" are admissible "only where the declarant is

---

[1] The Court noted that although the Confrontation Clause claim was procedurally barred, it reviewed the merits of the claim due to the specific instruction of the Court of Appeals. See Mingo, 1999 WL 301686 at *4 n.2.

3

P-049

unavailable, and only where the defendant has had a prior opportunity to cross-examine [the witness]." Crawford, 541 U.S. at 59. That Crawford overruled Roberts is not disputed. See Whorton v. Bockting, 127 S.Ct. 1173, 1181 (2007) ("The Crawford rule is flatly inconsistent with the prior governing precedent, Roberts, which Crawford overruled.")

Petitioner now moves under Rule 60(b)(6) to vacate this Court's May 5, 1999 Order, due to the change in decisional law regarding the admissibility of hearsay statements. Specifically, Petitioner claims that the Order should be vacated because the Court relied on Roberts to conclude that Petitioner's Confrontation Clause rights were not violated by the admission of Holmes' hearsay statements, but under Crawford the admission of Holmes' statements would have violated the Confrontation Clause. Petitioner also argues that the admission of Holmes' hearsay statements was prejudicial error. Petitioner now asks the Court to vacate its May 5, 1999 Order, reinstate the petition, and reconsider Petitioner's claims in light of Crawford. Petitioner also requests an evidentiary hearing on his claims, and appointment of counsel.[2]

---

[2] Petitioner also filed a separate application for appointment of counsel, which the Court denied by Order dated April 10, 2007.

4

P-049

## STANDARD OF REVIEW[3]

Rule 60(b) states, in relevant part:

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: ... (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b). Rule 60(b) relief is available as to a previous habeas proceeding "only when the Rule 60(b) motion attacks the integrity of the previous habeas proceeding rather than the underlying criminal conviction." Harris v. United States, 367 F.3d 74, 77 (2d Cir.2004). An attack on the integrity of a previous habeas proceeding using Rule 60(b)(6) is viable only in "extraordinary circumstances." Id. Furthermore, "it is well settled that a change in decisional law is not grounds for relief under Rule 60(b)(6)." Travelers Indem. Co. v. Sarkisian, 794 F.2d 754, 757 (2d Cir.), cert. denied, 479 U.S. 885 (1986); see also Eubanks v. United States, No. 97 Civ. 3891, 2005 WL 1949474, at *4 (S.D.N.Y. August 11, 2005); Hunter v. Citibank, N.A., 862 F.Supp.902, 906 (E.D.N.Y.1994). However, a Rule 60(b)(6) motion may be granted based on a change in decisional law, under

---

[3] Petitioner's *pro se* status entitles his submissions to be held "to less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9 (1980). A court should "read the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'" McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir.1999) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir.1994). Although Petitioner's brief is entitled to a lesser standard of review, the Court notes that Petitioner's brief is exceptionally well-written.

5

extraordinary circumstances, where the new decisional law is intended to apply retroactively. See Matarese v. LeFevre, 801 F.2d 98, 106 (2d Cir.1986).

## DISCUSSION

As stated above, Petitioner requests Rule 60(b)(6) relief in light of a change in decisional law governing the admission on hearsay statements in criminal trials. In its May 5, 1999 Order, this Court, relying in part on Roberts, held that Petitioner's Confrontation Clause rights had not been violated by the admission of his Holmes' hearsay statements because they bore adequate indicia of reliability. See Mingo, 1999 WL 301686 at *4. Petitioner argues that because the admission of Holmes' hearsay statements would have violated Crawford, which overruled Roberts, the May 5, 1999 Order denying the petition must be vacated, and the petition should be reconsidered in light of Crawford.

It is clear that Crawford changed the law regarding the admissibility of hearsay statements. However, such a change in law simply does not constitute grounds for Rule 60(b)(6) relief. See Travelers Indem. Co., 794 F.2d at 757; Eubanks, 2005 WL 1949474, at *4; Hunter, 862 F.Supp. at 906. This rule applies with even greater force in Petitioner's case because the Supreme Court recently held that Crawford did not announce a "watershed rule" of criminal procedure that could be applied retroactively to cases on collateral review. See Whorton, 127

P-049

S.Ct. at 1183-84. Therefore, Petitioner's argument that his habeas petition should be reviewed again in light of Crawford is unavailing.

Moreover, even if Crawford was to apply retroactively, Petitioner cannot prevail on his Rule 60(b)(6) motion because this Court has already held that his Confrontation Clause claim is procedurally defaulted. See Mingo, 1999 WL 301686 at *4. In order for federal courts to address the merits of a procedurally defaulted claim, there must be a showing of cause for the default and prejudice to the petitioner, or that failure to consider the claims would result in a fundamental miscarriage of justice. See Coleman v. Thompson, 501 U.S. 722, 750 (1991). Petitioner argues that he has demonstrated cause and prejudice because his prior counsel was ineffective for failing to raise his Confrontation Clause claim on direct appeal. However, Petitioner previously presented this claim to the Court, and the Court rejected the claim on the merits. See Mingo, 1999 WL 301686 at *4. Petitioner also argues that failure to consider his claim on the merits would result in a fundamental miscarriage of justice because Petitioner is "factually and legally innocent." The fundamental miscarriage of justice exception is "extremely rare" and should be applied only in "extraordinary" cases. Schlup v. Delo, 513 U.S. 298, 321-22 (1995). Here, Petitioner offers no evidence of innocence other than his own self-serving assertions, and his attacks on the constitutionality of his trial. Such a

P-049

showing is clearly insufficient to trigger the fundamental miscarriage of justice exception to a procedurally defaulted claim.

## CONCLUSION

For the above-mentioned reasons, Petitioner's Rule 60(b) motion to vacate this Court's May 5, 1999 Order denying his habeas petition is DENIED. Because Petitioner's motion is denied, Petitioner's requests for an evidentiary hearing and appointment of counsel are also DENIED. The Clerk of the Court is directed to keep the case closed.

SO ORDERED.

Dated: April 13, 2007
Brooklyn, New York

S/S. Johnson, USDJ
Senior U.S.D.J.